**DELCON CONSTRUCTION CORP., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF HOUSING, AND URBAN DEVELOPMENT (HUD); and Mel Martinez, Secretary of HUD, Defendants.**

**No. 01 CIV 3295 CM.**

United States District Court, S.D. New York.

Jan. 4, 2002.

---

Andrew O'Toole, Assistant United States Attorney, New York City, for defendants.

Kevin J. Harrington, John C. Mascari, Harrington, Ocko & Monk, LLP, White Plains, NY, for plaintiffs.

## ORDER GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO JOIN A NECESSARY PARTY

McMAHON, District Judge.

The United States Department of Housing and Urban Development (HUD) and Mel Martinez, Secretary of HUD (the "defendants") move to join Russand, Inc. ("Russand") as a necessary party pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure in an action brought against defendants by Delcon Construction Corporation ("Delcon" or the "plaintiff")

On September 26, 1996 Delcon entered into a construction contract with Russand, the owner of a property located in Nyack, New York known as Tappan Zee Manor. HUD was not a party to this contract. On September 30, 1996, Russand entered into a "Building Loan Agreement" with WMF/Huntoon Paige Associates Limited ("Huntoon"), a private financial institution, for the Tappan Zee Manor project. Under this Agreement, Russand borrowed money in order to purchase property and equipment, and to rehabilitate the Tappan Zee Manor into an assisted living facility. This loan was secured by a mortgage note on the property. The advances made by Huntoon under the mortgage note were secured by the Federal Housing Administration, a subsidiary of HUD, under the mortgage insurance program set forth in Section 232 of the National Housing Act, 12 U.S.C. § 1715w. Russand defaulted on the mortgage sometime in 1998. Huntoon elected to assign the mortgage note to HUD, and HUD currently holds Russand's loan and mortgage note that secures the property.

On August 16, 1999, Russand brought an action against Delcon in the New York State Supreme Court, alleging that Delcon had failed to complete work on the Tappan Zee Manor and had failed to repair or to cure defective work in breach of its construction contract. *See* Complaint, *Russand, Inc. v. Delcon Constr. Corp.,* Index No. 5043/99. Shortly thereafter, Delcon filed a complaint against Russand and Huntoon in the United States District Court for the Southern District of New York, alleging various claims, including breach of the construction contract, conversion of trust funds, unjust enrichment and negligent misrepresentation. Complaint, *Delcon Constr. Corp. v. Russand, Inc. et al.,* 99 Civ. 9108(CLB) (S.D.N.Y. Aug. 23, 1999). Delcon removed Russand's state court action to the district court, where it was assigned to District Court Judge Charles L. Brieant as a related case.

On October 15, 1999, the District Court dismissed Delcon's federal complaint for lack of subject matter jurisdiction. *See* Judgment entered on Oct. 19, 1999, *Delcon Constr. Corp. v. Russand, Inc. et al.,* 99 Civ. 9108(CLB) (S.D.N.Y. Oct. 19, 1999). Russand's state action was remanded to state court. Delcon filed its answer and counterclaims to that action, alleging breach of the construction contract and seeking to recover all construction costs under the contract.

On April 19, 2001, Delcon filed the instant action against HUD, basing its claims in quantum meruit/unjust enrichment and conversion of trust funds. On September 4, 2001, defendants filed a motion to join Russand as a necessary party to this action pursuant to Rules 12(b)(7) and 19.

This court concludes that Russand should be joined as a necessary party as provided by Rule 19(a)(1).

## DISCUSSION

In order to decide whether a party should be joined pursuant to Rule 19, the Court must first determine whether the party is necessary to the action. Rule 19 provides that a necessary party is one who:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

Fed.R.Civ.P. 19(a). If joinder of the necessary party is feasible—that is, the party is subject to service of process and its joinder does not destroy the basis for the court's jurisdiction—the Court must order joinder of the necessary party as long as one of the two statutory definitions of "necessary party" ' is met. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1611 at 163–64. If this Court finds Russand to be a necessary party, joinder in this action is feasible. Russand is a New York corporation. It is subject to service of process in this District. Moreover, while joining Russand will destroy diversity, it will not deprive this Court of jurisdiction, since the jurisdictional basis of this action is presence of the United States as defendant. 28 U.S.C. § 1346.

The application of Rule 19 joinder "involves a balancing of interests—those of the parties and of the outsider, those of the public and of the court in seeing that the litigation is both effective and expeditious while taking into account 'equity and good conscience.' " *Kamhi v. Cohen,* 512 F.2d 1051, 1054 (2d Cir.1975) (internal quotations omitted). The Supreme Court, in *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), noted that "joinder of claims, parties and remedies is strongly encouraged." Furthermore, Professor Wright has stated that "[Rule 19] should be employed to promote the full adjudication of disputes with a minimum of litigation effort." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1602 at 19 (1986).

The central question to be decided on this motion is whether nonjoinder of Russand would prevent complete relief from being accorded among the current parties to this action, Delcon and HUD. *See* Rule 19(a)(1). This joinder standard "is designed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, § 1604, at 42.

I find that Russand is a "necessary party" as defined in Rule 19(a)(1), and should be joined to this action.

The underlying contract to which Russand is a party will necessarily be at issue in this litigation. In this action, Delcon seeks to recover from HUD "the amounts due under the Contract and for Change Order work performed in excess of the work under the Contract." [Complaint, ¶ 109.] Thus, resolution of Delcon's claims in this action will reasonably require the Court to determine the rights and obligations of Delcon and Russand under the construction contract and the Building Loan Agreement. Russand, as a party to the underlying contract, is a necessary party, and should be joined so it can assert its defenses and claims against Delcon relating to the matters in suit. *See Global Discount Travel Services, LLC v. Trans World Airlines, Inc.,* 960 F.Supp. 701, 708 (S.D.N.Y.1997) (finding that plaintiff's subsidiary company was a necessary party pursuant to Rule 19(a)(1)).[1]

---

1. Significantly, in every Second Circuit case in which HUD, in its role as mortgage insurer, has been found potentially liable to a contractor under a theory of unjust enrichment or quantum meruit, the contractor has named the owner as a party to the action, *see S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 31 (2d Cir.1979), or the contractor has already success-

Furthermore, if Russand is not joined, HUD may not only be liable to Delcon in this action, but may be ordered to indemnify Russand for any liability in the state court action. The purpose of Rule 19 is to prevent HUD from being subject to such inconsistent and duplicative obligations.

Delcon argues that Russand need not participate in this case because HUD has received all of the necessary information and paperwork to approve the payments that are in contention in this action [Complaint, ¶ 42.]. This, however, presupposes that there is no genuine argument between Delcon and Russand over the amount of work performed, the quality of the work performed, and the amount of money owed under the contract. The pleadings filed in both the State Supreme Court and in this Court before Judge Brieant reveal that both Russand and Delcon have substantial disagreements about all of the above issues.

Delcon argues only that Russand is not a necessary party to its Second and Fifth Causes of Action, which allege unjust enrichment and seek an equitable lien. [Plaintiff's Memorandum of Law in Opposition to Defendants' Motion ("Pl's Opp. Mot."), at 19.] Delcon all but concedes that Russand is a necessary party to the remaining four causes of action. Delcon is willing to withdraw its Third and Fourth Causes of Action, which allege breach of a contractual guarantee and failure to pay Delcon as a third party beneficiary to the Building Loan Agreement, "if absent those Causes of Action the Court would be persuaded to deny HUD's motion.". [Pl's Opp. Mot., at 16, 20.]

The Court is not persuaded by Delcon's arguments and offers of limited withdrawal. Delcon's entire complaint is replete with allegations pertaining to Russand's interests in this action as the owner of Tappan Zee Manor, to Russand's alleged breaches of the construction contract and the Building Loan Agreement, and to Delcon's rights to payment under the construction contract. The withdrawal of two of the Causes of Action would not make Russand any less of a necessary party in this action. As a direct party to the construction contract that is the central agreement in this action, Russand is a necessary party. *See Global Discount Travel Serv.*, 960 F.Supp. at 706; *Ryan v. Volpone Stamp Company, Inc.*, 107 F.Supp.2d 369, 387 (S.D.N.Y.2000) ("It is well established that a party to a contract which is the subject of the litigation is considered a necessary party.")

## CONCLUSION

For the reasons stated above, I order that plaintiff must join Russand as a necessary party defendant pursuant to Fed.R.Civ.P. 19(a)(1) within thirty (30) days. Failure to join Russand within this time period will result in the dismissal of this action.

Assuming Russand is served, the parties must abide by the attached scheduling order.

---

fully obtained a judgment or arbitration award against the owner before seeking to hold HUD liable, *see C.H. Sanders v. BHAP Housing Dev. Fund*, 903 F.2d 114, 116 (2d Cir.1990) (contractor sought direct enforcement of arbitration award entered against owner against HUD); *Niagara Mohawk Power Corp. v. Bankers Trust Co.*, 791 F.2d 242, 243 (2d Cir.1986) (utility supplier

sought to collect state court judgment obtained against owner from HUD). While none of these cases raised the issue of whether the contractor is a necessary party under Rule 19(a), the fact that the owner was either a party to those actions and/or that there already existed a judgment against the owner underscores the interconnection between the owner.